**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARCUS L. JACKSON-EL,** | Case No. 1:20 CV 685 |
| Plaintiff, | Judge James Gwin |
| v. | Magistrate Judge James R. Knepp II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **REPORT AND RECOMMENDATION** |

### INTRODUCTION

*Pro se* Plaintiff Marcus L. Jackson-El filed a Complaint against Defendant, the Commissioner of Social Security. (Doc. 1). Plaintiff subsequently filed four additional motions. *See* Docs. 5, 7 (Motions for Judgment); Doc. 11 (Motion for Consolidation); and Doc. 13 (Motion for Statements of the Defendant); *see also* Doc. 14 ("Memorandum in Support of Jurisdiction of Moorish Ecclesiatic [sic] and Civil Litigations"). Defendant, the Commissioner of Social Security Administration, filed a Motion to Dismiss. (Doc. 15). Plaintiff has not filed a response, and the time to do so has expired. *See* Local Rule 7.1(d) (providing 30 days to file a response to a dispositive motion). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to Local Rule 72.2. (Non-document entry dated June 25, 2020). Following review, and for the reasons stated below, the undersigned recommends Defendant's Motion to Dismiss (Doc. 15) be GRANTED.

### BACKGROUND

Prior to the filing of this case, in 2019, Plaintiff filed suit against the Ohio Adult Parole Authority, and other state and county defendants. *See Jackson v. Adult Parole Authority, et al.*,

No. 1:19cv2339 (N.D. Ohio). Therein, he "complain[ed] he is still subject to supervision when he believes he has served enough of his supervision term", "allege[d] jail personnel did not allow him to call his attorney or his clergy using TTY technology during business hours in violation of the Americans with Disabilities Act" and that his right "to practice Moorish-American literature[] kept [him] on parole when sentencing Judge took [him] off". *Jackson*, No. 1:19cv2339 (Doc. 16) (Memorandum Opinion and Order). Plaintiff also filed various motions and letters in that case. *See Jackson*, No. 1:19cv2339 (Docs. 4, 5, 6, 8, 9, 10, 11, 12, 13).

On February 11, 2020, the district court dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915(e). *Jackson*, No. 1:19cv2339 (Doc. 16). Therein, the district court found Plaintiff had not met federal pleading requirements – alleging facts to state a plausible claim for relief – as to claims regarding his supervised release, the ADA, or his right "to practice Moorish-American literature". *See id.* The Court further found any claim challenging Plaintiff's sentence not properly brought in the action. *See id.*

On March 30, 2020, Plaintiff filed the Complaint in the instant case. (Doc. 1). In his "[S]tatement of Claim" he asserts he has "been trying to file for my social security income for my disability of being hearing impaired since 2011[.]" (Doc. 1, at 2). He cites law regarding Social Security standards, and states that "the ALJ found that Marcus L Jackson had engaged in [substantial gainful activity] after the alleged onset of his infirmity and during the period from 1981 through 1997, the interval for which he had the burden of proving a continuous 'period of disability'." *Id.* at 4. He further states the ALJ found him not disabled and thus not entitled to benefits. *Id.* In conclusion, he states "the ALJ committed reversible error in failing to consider his contention that the reported income was not a function of SGA." *Id.* at 4.

Attached to Plaintiff's Complaint are what appear to be a state court filing (Doc. 1-1), a document that appears to be copied and pasted legal research regarding prosecutorial misconduct (Doc. 1-2), a filing entitled "Motion for Affidavit to be Notarized" from previous district court litigation (*see* Jackson, No. 1:19cv2339 (N.D. Ohio) (Doc. 12)) (Doc. 1-3), and what appears to be a copy of a Supreme Court of Ohio Office of Disciplinary Counsel filing (Doc. 1-4).

Within his "[S]tatement of Claim", Plaintiff also references federal discovery rules, "a claim on Cuyahoga common plea court for punitive", and offers various other difficult-to-decipher statements referencing copyright, the Uniform Commercial Code, and taxes, among other things. *See* Doc. 1, at 2-3.

Further, on the first page of Plaintiff's Complaint, he states he had not filed any other suit "dealing with the same fact[s] involved in this action", but then lists his 2019 federal court litigation. *See* Doc. 1, at 1.

Defendant submits a Declaration of Paul Feddersen, Center Director, Center for Disability, Integrity, and Program Support for the Social Security Administration. (Doc. 15-2). Therein, Feddersen asserts he "searched SSA's computer systems for records related to Plaintiff, Marcus L. Jackson-El, with Plaintiff's date of birth" and was "unable to identify any appealable final agency decision resulting from a claim filed by someone with Plaintiff's name and date of birth." *Id.* at 1.

### STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). "When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and

quotations omitted). Because a motion to dismiss for lack of subject matter jurisdiction is a factual attack, the Court may consider evidence outside the pleadings and "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists[.]" *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014); *see also Howard v. Comm'r of Soc. Sec.*, 2014 WL 40471767, at *2 (N.D. Ohio) (Commissioner's challenge to court's subject matter jurisdiction on the basis that the plaintiff failed to obtain a final decision is a factual attack and a court may consider evidence outside the pleadings).

A motion to dismiss for failure to state a claim on which relief can be granted is brought under Federal Rule of Civil Procedure 12(b)(6). A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

## DISCUSSION

In the pending motion, Defendant presents two bases for dismissal – lack of subject matter jurisdiction over Plaintiff's disability claim, and failure to state a claim as to any allegations relating to his prior suit. For the reasons discussed below, the undersigned finds both arguments well-taken, and recommends the Court GRANT Defendant's motion.

Motion to Dismiss for Lack of Jurisdiction

Defendant contends this Court lacks subject matter jurisdiction over Plaintiff's claims regarding disability benefits. For the reasons discussed below, the undersigned agrees.

The district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that federal government and its agencies are immune from suit absent consent to be sued and where consent is given, the terms of that consent define the court's jurisdiction). The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); 20 C.F.R. § 404.900(a) (explaining the process of administrative review prior to seeking judicial review).

The regulations provide a four-step process for obtaining a final decision. First, a claimant receives an initial determination. 20 C.F.R. § 404.902. Second, if dissatisfied with the initial determination, the claimant may ask for reconsideration. *Id.* § 404.907. Third, if dissatisfied with the reconsideration decision, the claimant may request a hearing before an ALJ. *Id.* § 404.929. Fourth, if dissatisfied with the ALJ's decision, the claimant may request the Appeals Council review the hearing decision. *Id.* § 404.967.

The Appeals Council then may either deny the claimant's request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the claimant's request for review and issue its own decision. *Id.* §§ 404.967; 404.981. At that point, if the claimant disagrees with the decision, he may seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council's action. *Id.* § 422.210. The regulations provide a claimant must ordinarily exercise

administrative appeals rights and seek judicial review within a specified time frame. *Id.* § 404.900(a). However, upon a showing of good cause, the Commissioner will extend the time for seeking review. *See id.* §§ 404.900(b), 404.911.

Thus, a claimant may obtain a judicially reviewable "final decision" *only* when he completes the administrative appeals process and receives either 1) a decision by the Appeals Council, or 2) notice from the Appeals Council denying his request for review. *Id.* §§ 404.981, 422.210. If there is no final decision, there is no jurisdiction for an action seeking judicial review. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *see also Johnson v. Comm'r of Soc. Sec.*, 97 F. App'x 526, 528 (6th Cir. 2004) ("As there has been no final decision by the Commissioner, the district court lacked jurisdiction under § 405(g) to review that determination."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

*Pro se* complaints must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so construed, however, Plaintiff's complaint does not allege that he has obtained such a "final decision" on a claim for disability benefits. At best, it appears he alleges he obtained an ALJ decision. *See* Doc. 1, at 4 ("Consequently, the ALJ held that Marcus L Jackson was not disabled and could not recover SSDI benefits."). But he does not state he appealed any such decision to the Appeals Council as required. Further, the Commissioner presents evidence in the form of Feddersen's Declaration that there is no such appealable final agency decision. *See* Doc. 15-2. Plaintiff has not filed a response to Defendant's Motion to Dismiss, and therefore has not satisfied his burden "of proving jurisdiction in order to survive the motion." *Nichols*, 318 F.3d at 677. As such, the undersigned recommends the Court grant Defendant's motion to dismiss Plaintiff's Social Security disability claim. This Court has no subject matter jurisdiction over a claim that was

not taken through all steps of the administrative review system. *See Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981) ("[The Supreme Court in *Sanders*] noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a 'final decision of the Secretary made after a hearing.'") (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

Motion to Dismiss for Failure to State a Claim

Second, Defendant contends Plaintiff's attempt to collaterally attack the dismissal of a prior lawsuit is improper and should be dismissed. Again, the undersigned agrees.

Defendant's argument implicates the doctrine of res judicata. The broad doctrine of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153–54 (1979). This is true even when a prior suit is dismissed under 28 U.S.C. § 1915. *See, e.g.*, *Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–06 (2nd Cir. 2002) (per curiam); *Randies v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) (per curiam)) (affirming dismissal of a prisoner complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) on the ground that the dismissal of a prior complaint "as frivolous and for failure to state a claim barred this new complaint under the principle of res judicata"); *Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) (dismissal

7

of claims under 28 U.S.C. § 1915(e)(2)(B) "creates a res judicata bar to the presentation of further in forma pauperis cases raising the same claims").

Therefore, to the extent Plaintiff attempts to relitigate any of the issues dismissed in his prior litigation before this Court in *Jackson v. Adult Parole Authority*, No. 1:19cv2339 (N.D. Ohio), such claims are barred by res judicata. Further, to the extent Plaintiff, in citing federal discovery rules, is arguing he has a cause of action related to discovery (or lack thereof) in his 2019 case, his own filing seemingly recognizes this fails to present a claim on which relief can be granted. (Doc. 1, at 2) (citing, *inter alia*, *Zigmund v. Tetrealt*, 1997 WL 695502, at *2 (D. Conn.) ("The plaintiff has filed this action to address discovery problems he encountered in another case. There is no cognizable cause of action for the failure or refusal to comply with a discovery request[.]")). As such, Defendant's Motion to Dismiss for failure to state a claim should be granted.

<u>Remaining Motions</u>

The remainder of Plaintiff's pending motions consist largely of what appears to be pasted legal materials, referencing everything from Criminal Rule 11 guilty plea requirements, discriminatory housing practices, habeas corpus proceedings, and conditions of incarceration. *See* Docs. 5, 7, 11, 13, 14. These claims are unrelated to those described in Plaintiff's complaint, as set forth above.

First, to repeat what the Court stated in Plaintiff's prior suit, to the extent Plaintiff is attempting to challenge his confinement or supervision based on a state court conviction, the appropriate avenue is a petition for habeas corpus, not this suit. *See Jackson*, No. 1:19cv2339 (Doc. 16, at 4) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Second, these motions lack merit, and are denied for the reasons stated in an Order filed contemporaneously herewith.

## CONCLUSION

Following review, and for the reasons stated above, the undersigned recommends the Court GRANT Defendant's Motion to Dismiss (Doc. 15) in its entirety.

 s/ James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).